IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, | ) ) ) ) | FILED March 11, 2008   TG 08cv1443 Judge ZAGEL Magistrate Judge COLE |
| Plaintiffs, | ) Case No. ) | |
| v. | ) District Judge ) ) Magistrate | |
| R.E. TRK, INC. f/k/a R.E. TRUCKING, INC., an Illinois corporation, RUPE CONTRACTING, INC., an Illinois corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its trustees, for a cause of action against Defendants, R.E. TRK, Inc. f/k/a R.E. Trucking, Inc., an Illinois corporation ("R.E. Trucking") and Rupe Contracting, an Illinois corporation ("Rupe Contracting"), allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974, ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980

("MPPAA"), 29 U.S.C. § 1001 et seq. (1982).  This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Howard McDougall is a trustee and fiduciary of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10).  The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois, 60018.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee, Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. R.E. Trucking was an Illinois corporation.

8. Rupe Contracting is an Illinois corporation.

## **CLAIM FOR RELIEF**

9. During all times relevant, R.E. Trucking was subject to collective bargaining agreements under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

10. As of December 30, 2006, John A. Rupe owned 100% of the total combined voting power of all classes of stock of R.E. Trucking entitled to vote and/or at least 100% of the total value of shares of all classes of stock of R.E. Trucking.

11. As of December 30, 2006, John A. Rupe owned 100% of the total combined voting power of all classes of stock of Rupe Contracting entitled to vote and/or at least 100% of the total value of shares of all classes of stock of Rupe Contracting.

12. R.E. Trucking, Rupe Contracting, and all trades or businesses under common control with them (the "Rupe Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

13. The Rupe Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

14. The Pension Fund determined that on or about December 30, 2006 R.E. Trucking permanently ceased all covered operations under the Pension Fund, and/or permanently ceased to have an obligation to contribute to the Pension Fund, and thereafter, no member of the Rupe Controlled Group was contributing or obligated to contribute to the Pension Fund.

15. Therefore, the Pension Fund determined that the Rupe Controlled Group effected a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

16. On or about November 16, 2007, the Rupe Controlled Group, through R.E. Trucking, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1). The notice and attached invoice notified the employer that its total withdrawal liability was $7,268.94, and that it was required to discharge its liability either in a lump sum or in 5 monthly payments of $1,253.90, beginning December 1, 2007, and one payment of $1,044.77 due May 1, 2008.

17. On or about December 18, 2007, the Rupe Controlled Group, through R.E. Trucking, received a notice from the Pension Fund, pursuant to section 4219(c)(5)(A) or ERISA, 29 U.S.C. § 1399(c)(5)(A), that its withdrawal liability payments were past due, and which forewarned the employer of the consequences of its failure to pay such liability.

18. No member of the Rupe Controlled Group timely requested review with respect to the Pension Fund's withdrawal liability determination pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A).

19. No member of the Rupe Controlled Group timely initiated arbitration with respect to the Pension Fund's withdrawal liability determination pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. §1401(b)(1).

20. The Rupe Controlled Group has failed to make the withdrawal liability payments to the Pension Fund and is in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

WHEREFORE, Plaintiffs request the following relief:

a. A judgment against Defendants R.E. Trucking and Rupe Contracting, and on behalf of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), for --

1. $7,268.94 in withdrawal liability;

2. interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged, compounded annually;

3. an amount equal to the greater of interest on the past due withdrawal liability payments or liquidated damages of 20% on the past due withdrawal liability payments;

4. attorney's fees and costs; and

5. post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged, compounded annually.

    b.    For such further or different relief as this Court may deem proper and just.

        Respectfully submitted,

        /s/ Laura B. Bacon
        Laura B. Bacon
        Attorney for Plaintiffs
        Central States, Southeast and
        Southwest Areas Pension Fund
        9377 W. Higgins Road, 10th Floor
        Rosemont, Illinois  60018-4938
        (847) 518-9800, Ext. 3704
        ARDC # 6288982
        lbacon@centralstatesfunds.org