**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.  08 C 1443 |
| v. | ) ) | District Judge James B. Zagel |
| R.E. TRK, INC. f/k/a R.E. TRUCKING, INC., an Illinois corporation, RUPE CONTRACTING, INC., an Illinois corporation, | ) ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**NOW COME** Plaintiffs, Central States, Southeast and Southwest Areas Pension

Fund, and Howard McDougall, Trustee, and move pursuant to Fed. R. Civ. P. 55 for default

judgment against Defendants R.E. TRK, Inc., f/k/a R.E. Trucking, Inc., an Illinois

corporation ("R.E. Trucking") and Rupe Contracting, Inc., an Illinois corporation ("Rupe").

In support, Plaintiffs submit the Affidavit of Andrew Sprau (attached hereto as Exhibit A),

the Affidavit of Laura B. Bacon (attached hereto as Exhibit B), and state as follows:

1.      On March 11, 2008, Plaintiffs filed a complaint against R.E. Trucking and

Rupe under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended

by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001 *et seq*, in

-1-

order to collect a complete withdrawal liability assessment due and owing to Plaintiffs as well as interest, liquidated damages, attorneys' fees, and costs.

2.    On April 9, 2008, R.E. Trucking was served by personal delivery of Summons and Complaint.  A copy of the return of service is attached hereto as Exhibit C.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), R.E. Trucking's answer or other responsive pleading was to be filed no later than April 29, 2008.  To date, R.E. Trucking has not filed an appearance, answer or other responsive pleading, and stands in default under Fed. R. Civ. P. 55(a).

3.    On April 9, 2008, Rupe was served by personal delivery of Summons and Complaint.  A copy of the return of service is attached hereto as Exhibit D.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Rupe's answer or other responsive pleading was to be filed no later than April 29, 2008.  To date, Rupe has not filed an appearance, answer or other responsive pleading, and stands in default under Fed. R. Civ. P. 55(a).

4.    During all times relevant, R.E. Trucking was subject to collective bargaining agreements under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.  Sprau Affidavit ¶6.

5.    On or about December 30, 2006, R.E. Trucking permanently ceased covered operations thereby effecting a "complete withdrawal" as defined in 29 U.S.C. §1383.  Sprau Affidavit ¶7.

6.    As of December 30, 2006, John A. Rupe owned 100% of the total combined voting power of all classes of stock of R.E. Trucking entitled to vote and/or at least 100% of the total value of shares of all classes of stock of R.E. Trucking.  Sprau Affidavit ¶8.

7.      As of December 30, 2006, John A. Rupe owned 100% of the total combined voting power of all classes of stock of Rupe Contracting entitled to vote and/or at least 100% of the total value of shares of all classes of stock of Rupe Contracting.  Sprau Affidavit ¶9.

8.      R.E. Trucking, Rupe, and all trades or businesses under common control with them (the "Rupe Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.  Sprau Affidavit ¶10.

9.      The Rupe Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.  Sprau Affidavit ¶11.

10.     As a result of this complete withdrawal, the Rupe Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $7,268.94 as determined by 29 U.S.C. § 1381(b).  Sprau Affidavit ¶12.

11.     On or about November 16, 2007, the Rupe Controlled Group, through R.E. Trucking, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).  The notice and attached invoice notified the employer that its total withdrawal liability was $7,268.94, and that it was required to discharge its liability either in a lump sum or in 5 monthly payments of $1,253.90, beginning December 1, 2007, and one payment of $1,044.77 due May 1, 2008.  Sprau Affidavit ¶13-14.

12.     On or about December 18, 2007, the Rupe Controlled Group, through R.E. Trucking, received a notice from the Pension Fund, pursuant to section 4219(c)(5)(A) or ERISA, 29 U.S.C. § 1399(c)(5)(A), that its withdrawal liability payments were past due, and which forewarned the employer of the consequences of its failure to pay such liability. Sprau Affidavit ¶15.

13.     No member of the Rupe Controlled Group timely requested review with respect to the Pension Fund's withdrawal liability determination pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A).  Sprau Affidavit ¶16.

14.     No member of the Rupe Controlled Group timely initiated arbitration with respect to the Pension Fund's withdrawal liability determination pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1).  Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. §1401(b)(1).  Sprau Affidavit ¶¶17-18.

15.     The Rupe Controlled Group has failed to make the withdrawal liability payments to the Pension Fund and is in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).  Sprau Affidavit ¶19.

16.     Pursuant to 29 U.S.C. §1451(b), delinquent withdrawal liability payments, including any penalties assessed therefrom, are to be treated in the same manner as delinquent contributions under 29 U.S.C. §1145.  <u>Central States Pension Fund v. Slotky</u>, 956 F.2d 1369, 1377 (7th Cir. 1992).

17.    Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to: delinquent withdrawal liability payments, interest on the delinquent withdrawal liability payments, an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the delinquent withdrawal liability payments, reasonable attorneys' fees and costs, and such other relief the Court deems appropriate.  An award of these amounts is mandatory.  Central States Pension Fund v. Gerber Truck Serv., 870 F.2d 1148, 1156 (7th Cir. 1989).

18.    All trades or businesses under common control are jointly and severally liable for the withdrawal liability.  Central States Pension Fund v. Johnson, 991 F.2d 387, 388 (7th Cir. 1993).

19.    Pursuant to 29 U.S.C. §1132(g)(2), the Rupe Controlled Group owes Plaintiffs a principal balance of $7,268.94 in withdrawal liability.

20.    Pursuant to 29 U.S.C. §1132(g)(2), interest is computed and charged at the rate set by Plaintiffs.  Under the Plan, interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.  Using this rate, Defendants owe Plaintiffs $295.30 in interest through May 30, 2008.  Sprau Affidavit ¶¶18-19.

21.    Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the delinquent withdrawal liability as provided under the Plan. Plaintiffs' Plan provides for

liquidated damages in the amount of 20% of the unpaid withdrawal liability payments. Defendants therefore owe Plaintiffs $1,453.79 in liquidated damages.  Sprau Affidavit ¶¶20-21.

22.    Pursuant to 29 U.S.C. §1132(g)(2), Defendants are also liable for attorneys' fees and costs incurred by Plaintiffs to collect on the withdrawal liability.  Defendants therefore owe Plaintiffs $1,035.00 in attorneys' fees and $350.00 in costs.  *See* Exhibit B, Bacon Affidavit ¶¶7-8.

23.    Finally, pursuant to the terms of Plaintiffs' Plan, Plaintiffs are entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged. Central States Pension Fund v. Bomar Nat'l Inc., 253 F.3d 1011, 1019-20 (7th Cir. 2001).

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, request the following relief in their favor and as against Defendants:

(a)    A judgment against Defendants, jointly and severally, in favor of Plaintiffs in the following amount:

| | |
|---|---|
| Withdrawal Liability Principal: | $7,268.94 |
| Interest through 05/30/08: | 295.30 |
| Liquidated Damages: | 1,453.79 |
| Attorney's Fees: | 1,035.00 |
| Costs: | 350.00 |
| **TOTAL** | $10,403.03 |

(b)   Post judgment interest at an annualized interest rate equal to two percent

(2%) plus the prime interest rate established by Chase Manhattan Bank

(New York, New York) for the fifteenth (15th) day of the month for which

interest is charged, adjusted monthly and compounded annually; and

(c)   Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/ Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847)518-9800, Ext. 3704
ARDC No. 6288982
lbacon@centralstatesfunds.org

F:263600 / 08410004 / 5/30/08

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CENTRAL STATES, SOUTHEAST )
AND SOUTHWEST AREAS PENSION )
FUND and HOWARD McDOUGALL, )
                     )    Case No.  08 C 1443
      Plaintiffs, )
                     )    District Judge James B. Zagel
     v. )
                     )    Magistrate Judge Jeffrey Cole
R.E. TRK, INC. f/k/a R.E. TRUCKING, )
INC., an Illinois corporation, )
RUPE CONTRACTING, INC., )
an Illinois corporation, )
                     )
      Defendant. )

## AFFIDAVIT OF ANDREW SPRAU

State of Illinois     )
                    )   SS:
County of Cook     )

      I, Andrew Sprau, having been fully sworn upon my oath, depose and state as follows:

      1.    I am the Department Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

F:263641 / 08410004 / 5/30/08                -1-

**Exhibit A**

2.      I am responsible for the Pension Fund's collection of withdrawal liability. If an employer has withdrawn from the Pension Fund, completely or partially, one of my staff members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with Section 4219(b)(1) of ERISA, §1399(b)(1).

3.      The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of 29 U.S.C. §1002(3).

4.      Plaintiff Howard McDougall, Trustee, is a present trustee of the Pension Fund and is a plan sponsor of the Pension Fund within the meaning of 29 U.S.C. §1301(a)(10)(A).

5.      The files maintained for every employer who has withdrawn from participation in the Pension Fund, including the file for R.E. TRK, Inc., f/k/a R.E. Trucking, Inc., an Illinois corporation ("R.E. Trucking"), are under my dominion and control.

6.      R.E. Trucking has at all times relevant been bound by a collective bargaining agreement under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

7.      On or about December 30, 2006, R.E. Trucking permanently ceased covered operations thereby effecting a "complete withdrawal" as defined in 29 U.S.C. §1383.

8.      As of December 30, 2006, John A. Rupe owned 100% of the total combined voting power of all classes of stock of R.E. Trucking entitled to vote and/or at least 100% of the total value of shares of all classes of stock of R.E. Trucking.

**Exhibit A**

9.    As of December 30, 2006, John A. Rupe owned 100% of the total combined voting power of all classes of stock of Rupe Contracting, an Illinois corporation ("Rupe") entitled to vote and/or at least 100% of the total value of shares of all classes of stock of Rupe.

10.    R.E. Trucking and Rupe, and all trades or businesses under common control with them (the "Rupe Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

11.    The Rupe Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

12.    As a result of this complete withdrawal, the Rupe Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $7,268.94 as determined by 29 U.S.C. § 1381(b).

13.    On or about November 16, 2007, the Rupe Controlled Group, through R.E. Trucking, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. § 1382(2) and 1399(b)(1). The Notice and Demand is attached hereto as Exhibit 1.

14.    The notice and attached invoice notified the Rupe Controlled Group that it was required to discharge its liability in a lump sum or in 5 monthly payments of $1,253.90, beginning on December 1, 2007, and one payment of $1,044.77 due May 1, 2008.

15.    On or about December 18, 2007, the Rupe Controlled Group, through R.E. Trucking, received a notice from the Pension Fund, pursuant to Section 4219(c)(5)(A) of

**Exhibit A**

ERISA, 29 U.S.C. §1399(c)(5)(A), that its withdrawal liability payments were past due, and which forewarned the employer of the consequences of its failure to pay such liability. The December 18, 2007 Notice is attached hereto as Exhibit 2.

16.    No member of the Rupe Controlled Group timely requested review with respect to the Pension Fund's withdrawal liability determination pursuant to 29 U.S.C. §1399(b)(2)(A).

17.    No member of the Rupe Controlled Group timely initiated arbitration with respect to the Pension Fund's withdrawal liability determination pursuant to 29 U.S.C. § 1401(a)(1).

18.    Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. §1401(b)(1).

19.    The Rupe Controlled Group has failed to make any withdrawal liability payments to the Pension Fund and is in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

20.    Pursuant to 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the Pension Plan, which computes and charges interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by the Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

21.    The Rupe Controlled Group owes Plaintiffs $295.30 in interest accumulated through May 30, 2008 on its delinquent balance of withdrawal liability.

**Exhibit A**

22.    Pursuant to 29 U.S.C. §1132(g)(2), Plaintiff is entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the delinquent withdrawal liability under the Pension Plan, which provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability payments.

23.    The Rupe Controlled Group owes Plaintiffs $1,453.79 in liquidated damages.

24.    Pursuant to the terms of the Pension Plan, Plaintiffs are entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged, and shall be compounded annually.

25.    The total amount now owed to the Pension Fund by the Rupe Controlled Group, with interest calculated through May 30, 2008, exclusive of attorneys fees and costs, is $9,018.03.

**FURTHER AFFIANT SAYETH NAUGHT**

Andrew Sprau

Subscribed and sworn to before me,
a Notary Public of the State of Illinois,
this 30th day of May___, 2008.

Notary Public

Official Seal
June F Ruminski
Notary Public State of Illinois
My Commission Expires 02/27/2011

**Exhibit A**

# Exhibit 1

**CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND**

EMPLOYEE TRUSTEES
FRED GEGARE
JERRY YOUNGER
GEORGE J. WESTLEY
CHARLES A. WHOBREY

EMPLOYER TRUSTEES
HOWARD McDOUGALL
ARTHUR H. BUNTE, JR.
TOM J. VENTURA
GARY F. CALDWELL

EXECUTIVE DIRECTOR
THOMAS C. NYHAN

November 15, 2007

**VIA UPS NEXT DAY DELIVERY**
#1Z 395 1X9 22 1012 1739

Mr. John Rupe
President
R.E. TRK, Inc.
451 State Route 251, Box 8
Rutland, IL 61358-9543

RE:    NOTICE AND DEMAND FOR PAYMENT OF WITHDRAWAL LIABILITY
       R.E. TRK, INC. f/k/a R.E. TRUCKING, INC.
       ASSESSMENT NO.: 6537860-WL070218-01
       WITHDRAWN ACCOUNT NO.: 6537860-0100

Dear Mr. Rupe:

This is a demand for payment of withdrawal liability incurred as a result of a permanent cessation of contributions to Central States, Southeast and Southwest Areas Pension Fund (the "Fund") by the above captioned business on behalf of some, or all, of its bargaining unit employees. This demand is made pursuant to Section 4219 of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. 1399 (b)), and applies equally to all members of any controlled group of trades or businesses, as defined in Section 414(c) of the Internal Revenue Code, of which the above captioned business is a member.

The total amount of such withdrawal liability is $7,268.94.

Please make your check payable to Central States Southeast and Southwest Areas Pension Fund (please write the assessment number on your check) and forward it to the address as follows:

CENTRAL STATES WITHDRAWAL LIABILITY
Department 10291
Palatine, Illinois 60055-0291

If you would prefer to utilize Electronic Funds Transfer ("Wire Transfer"), the following is the Fund's account information:

Mellon Bank, N.A.
American Banking Association Number: 043-000-261
Account No. 093-2289
Beneficiary: Central States Pension Fund

9377 West Higgins Road
Rosemont, Illinois 60018-4938
Phone: (847) 518-9800

www.centralstates.org

**Exhibit 1**

Mr. John Rupe
November 15, 2007
Page Two

At your option, the withdrawal liability may be amortized and paid in monthly installments according to the enclosed minimum required payment schedule, or such liability may be paid in a lump sum. No penalty, interest or amortization charges will be applied if payment of the entire withdrawal liability is received by this office on or before December 1, 2007. If you choose the monthly installment option, amortization charges will accrue on the outstanding balance at the annual rates indicated on the enclosed minimum required payment schedule.

Subject to applicable regulations, if any payment of withdrawal liability is not made when due and such payment plus delinquency charges is not made within sixty (60) days after receiving written notice from the Fund of such delinquency, the Fund may require immediate payment of the remaining balance of the withdrawal liability plus delinquency charges accrued from the due date of the first payment which was not timely made.

Enclosed herewith are documents as follows:

1.    A copy of the withdrawal liability calculation;

2.    A copy of the minimum required payment schedule for the monthly installment option;

3.    A set of remittance notices to be included with your monthly installments; and

4.    A copy of the Fund's procedure governing review of any items relating to the determination and calculation of withdrawal liability, the minimum required payment schedule, and the resolution of disputes regarding withdrawal liability.

Sincerely,

Andrew Sprau
Department Manager
Collections

AS:lg-notice and demand letter
Enclosure

**Exhibit 1**

Controlling Employer Name:      R.E. TRK, Inc.
Assessment Number:              6537860-WL070218-01

Withdrawn Company Name:         R.E. TRK, Inc.
Address:

Type of Calculation:            2006 Complete Withdrawal

Date Prepared:                  November 15, 2007

Section I  -  Pre-1980 Pool

a. Withdrawn Employer's Contributions
    (1975  -  1979)

| Year | Contributions | # CBUs |
|------|--------------|--------|
| 1975 | 0.00 | 0.0 |
| 1976 | 0.00 | 0.0 |
| 1977 | 0.00 | 0.0 |
| 1978 | 0.00 | 0.0 |
| 1979 | 0.00 | 0.0 |
| Total | 0.00 | |

b. All Employer's Contributions (1975  -  1979)        1,993,217,854

c. Allocation Fraction        0.0000000000

d. Unamortized 12/31/79 UVB        0

e, Pre-1980 Pool Liability        $0.00

Section II  -  Post-1979 Pool

a. Withdrawn Employer's Contributions
    Last 10 Years

| Year | Contributions | #CBUs |
|------|--------------|-------|
| 1996 | 0.00 | 0.0 |
| 1997 | 0.00 | 0.0 |
| 1998 | 0.00 | 0.0 |
| 1999 | 0.00 | 0.0 |
| 2000 | 0.00 | 0.0 |
| 2001 | 0.00 | 0.0 |
| 2002 | 7,718.00 | 86.0 |
| 2003 | 10,593.00 | 108.0 |
| 2004 | 13,880.00 | 126.0 |
| 2005 | 12,392.00 | 104.0 |
| Total | $44,583.00 | |

b. All Employers' Contributions Last 10 Years        9,721,214,887

c. Allocation Fraction        0.0000045862

d. Net Change in UVB @ 12/31/05        12,487,353,003

e. Post-1979 Pool Liability        $57,268.94

**Exhibit 1**

Controlling Employer Name:                  R.E. TRK, Inc.
Assessment Number:                          6537860-WL070218-01

Withdrawn Company Name:                     R.E. TRK, Inc.


Section III - Adjustments to Liability

a.  Unadjusted Liability                                        $57,268.94

b.  De Minimis Rule                                             50,000.00

c.  Prior Assessment Credit                                         0.00

d.  Partial Prorate                                                0.00

e.  Sec. 4225 Limitations                                          0.00

f.  Adjusted Liability                                          $7,268.94


Section IV  -  Partial Prorate

a.  # CBUs in Next Year                                            0.0

b.  5 Year Average # CBUs

| Year  | # CBUs |
|-------|--------|
| 2001  | 0.0    |
| 2002  | 86.0   |
| 2003  | 108.0  |
| 2004  | 126.0  |
| 2005  | 104.0  |
| Total | 424.0  |

        5 Year Average                                           84.8

c.  Prorate Fraction                                      1.0000000000

d.  Remaining Liability                                        7,268.94

e. Partial Prorate                                             $0.00


**Exhibit 1**

Controlling Employer Name:                R.E. TRK, Inc.
Assessment Number:                        6537860-WL070218-01

Withdrawn Company Name:                   R.E. TRK, Inc.


Payment Schedule

a.  High Contribution Rate  (Weekly Rate Basis)                          $132.70

b.  3 Year Average # CBUs

| Year | # CBUs |
|------|--------|
| 2003 | 108.0 |
| 2004 | 126.0 |
| 2005 | 104.0 |
| TOTAL | 338.0 |

    3 Year Average                                                     112.7

c.  Partial Prorate Fraction                                      1.0000000000

d.  Annual Payment                                                  $14,950.87

e.  Assessment                                                       $7,268.94

f.  Amortization Period

| Year | Rate | Interest | Opening Balance | Closing Balance |
|------|------|----------|-----------------|-----------------|
| 1 | 0.00 | 0.00 | 7,268.94 | 0.00 |
| 2 | 0.08 | 0.00 | 0.00 | 0.00 |
| 3 | 0.08 | 0.00 | 0.00 | 0.00 |
| 4 | 0.08 | 0.00 | 0.00 | 0.00 |
| 5 | 0.08 | 0.00 | 0.00 | 0.00 |
| 6 | 0.08 | 0.00 | 0.00 | 0.00 |
| 7 | 0.08 | 0.00 | 0.00 | 0.00 |
| 8 | 0.08 | 0.00 | 0.00 | 0.00 |
| 9 | 0.08 | 0.00 | 0.00 | 0.00 |
| 10 | 0.08 | 0.00 | 0.00 | 0.00 |
| 11 | 0.08 | 0.00 | 0.00 | 0.00 |
| 12 | 0.08 | 0.00 | 0.00 | 0.00 |
| 13 | 0.08 | 0.00 | 0.00 | 0.00 |
| 14 | 0.08 | 0.00 | 0.00 | 0.00 |
| 15 | 0.08 | 0.00 | 0.00 | 0.00 |
| 16 | 0.08 | 0.00 | 0.00 | 0.00 |
| 17 | 0.08 | 0.00 | 0.00 | 0.00 |
| 18 | 0.08 | 0.00 | 0.00 | 0.00 |
| 19 | 0.08 | 0.00 | 0.00 | 0.00 |
| 20 | 0.08 | 0.00 | 0.00 | 0.00 |

g.  Monthly Payment Amount                      $1,253.90

h.  # of Monthly Payments                            5.83

i.  First Payment Due Date                    December 1, 2007

**Exhibit 1**

# CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS
### Employer : R E TRK INC - 6537860
## Pension Fund
### PERIOD : 12/31/1995 - 12/31/2005
### Controlled Group as of : 12/30/2006
## PAST CONTRIBUTIONS FOR EMPLOYER LIABILITIES - SUMMARY

| EMPLOYER NAME AND E-T-L-C | Year | Amount | Weeks | Casual | Days | Hours | CBUs |
|---|---|---|---|---|---|---|---|
| *6537860 - R E TRK INC* | | | | | | | |
| | 1996 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1997 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1998 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1999 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2000 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2001 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2002 | $7,718.00 | 86 | 0 | 0 | 0.00 | 86.00 |
| | 2003 | $10,593.00 | 108 | 0 | 0 | 0.00 | 108.00 |
| | 2004 | $13,880.00 | 126 | 0 | 0 | 0.00 | 126.00 |
| | 2005 | $12,392.00 | 104 | 0 | 0 | 0.00 | 104.00 |
| *Totals for Employer:* | | $44,583.00 | 424 | 0 | 0 | 0.00 | 424.00 |

As of date : 11/15/2007

**Exhibit 1**

# CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS
### Employer : R E TRK INC - 6537860
## Pension Fund
### PERIOD : 12/31/1995 - 12/31/2005
### Controlled Group as of : 12/30/2006
## PAST CONTRIBUTIONS FOR EMPLOYER LIABILITIES - DETAIL

| EMPLOYER NAME AND E-T-L-C | Year | Amount | Weeks | Casual | Days | Hours | CBUs |
|---|---|---|---|---|---|---|---|
| 6537860 - R E TRK INC | | | | | | | |
| 6537860 - 0100 - 00722A R E TRK INC | 1996 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1997 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1998 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1999 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2000 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2001 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2002 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2003 | $6,900.00 | 69 | 0 | 0 | 0.00 | 69.00 |
| | 2004 | $13,880.00 | 126 | 0 | 0 | 0.00 | 126.00 |
| | 2005 | $12,392.00 | 104 | 0 | 0 | 0.00 | 104.00 |
| Total for Employer: | | $33,172.00 | 299 | 0 | 0 | 0.00 | 299.00 |
| 6932800 - 0105 - 00722A RUPE EXCAVATING | 1996 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1997 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1998 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 1999 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2000 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2001 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| | 2002 | $7,718.00 | 86 | 0 | 0 | 0.00 | 86.00 |
| | 2003 | $3,693.00 | 39 | 0 | 0 | 0.00 | 39.00 |
| | 2004 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |

**Exhibit 1**

### CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS
Employer : R E TRK INC  -  6537860

Pension Fund

PERIOD : 12/31/1995 - 12/31/2005

Controlled Group as of : 12/30/2006

### PAST CONTRIBUTIONS FOR EMPLOYER LIABILITIES - DETAIL

| EMPLOYER NAME AND E-T-L-C | Year | Amount | Weeks | Casual | Days | Hours | CBUs |
|---|---|---|---|---|---|---|---|
| 6537860 - R E TRK INC | | | | | | | |
| 6932800 - 0105 - 00722A RUPE EXCAVATING | 2005 | $0.00 | 0 | 0 | 0 | 0.00 | 0.00 |
| Total for Employer: | | $11,411.00 | 125 | 0 | 0 | 0.00 | 125.00 |
| Total for Employer: | | $44,583.00 | 424 | 0 | 0 | 0.00 | 424.00 |

As of date  :  11/15/2007

**Exhibit 1**

Employer Name:                          R.E. TRK, Inc.
Assessment No.:                         6537860-WL070218-01

Withdrawn Company:                      R.E. TRK, Inc.
Withdrawal Date:                        12/30/06      Withdrawal Type:        COMPLETE
Assessment:                             $7,268.94
Prepayment:                             $0.00
Balance to Amortize:                    $7,268.94     Annual Payment:         $14,950.87
                                                      1st Payment Due:        12/01/07

Annual Interest Rates:

| Year 1 | 0.00% | Year 6 | 8.00% |
| Year 2 | 8.00% | Year 7 | 8.00% |
| Year 3 | 8.00% | Year 8 | 8.00% |
| Year 4 | 8.00% | Year 9 | 8.00% |
| Year 5 | 8.00% | Years 10 to 20 | 8.00% |

| Payment No. | Due Date | Payment Amount | Billing Charge | Amortization | Principal | Principal Balance |
|---|---|---|---|---|---|---|
| 1 | 12/01/07 | 1,253.90 | 0.00 | 0.00 | 1,253.90 | 6,015.04 |
| 2 | 01/01/08 | 1,253.90 | 15.98 | 0.00 | 1,237.92 | 4,777.12 |
| 3 | 02/01/08 | 1,253.90 | 8.02 | 0.00 | 1,245.88 | 3,531.24 |
| 4 | 03/01/08 | 1,253.90 | 0.00 | 0.00 | 1,253.90 | 2,277.34 |
| 5 | 04/01/08 | 1,253.90 | 14.65 | 0.00 | 1,239.25 | 1,038.09 |
| 6 | 05/01/08 | 1,044.77 | 6.68 | 0.00 | 1,038.09 | -0.00 |

NOTE:

THIS PAYMENT SCHEDULE ASSUMES ALL MONTHLY PAYMENTS ARE TIMELY MADE AND DOES
NOT ACCOUNT FOR ANY DELINQUENT CHARGES THAT MAY ACCRUE DUE TO LATE PAYMENTS.

**Exhibit 1**

# Exhibit 2

**CENTRAL ⸱ ⸱ ⸱ATES
SOUTHEⱯST AND
SOUTHWEST AREAS
PENSION FUND**

EMPLOYEE TRUSTEES
FRED GEGARE
JERRY YOUNGER
GEORGE J. WESTLEY
CHARLES A. WHOBREY

EMPLOYER TRUSTEES
HOWARD McDOUGALL
ARTHUR H. BUNTE, JR.
TOM J. VENTURA
GARY F. CALDWELL

EXECUTIVE DIRECTOR
THOMAS C. NYHAN

December 17, 2007

Mr. John Rupe
President
R.E. TRK, Inc.
451 State Route 251, Box 8
Rutland, IL 61358-9543

**VIA UPS NEXT DAY DELIVERY**
#1Z 395 1X9 22 1012 1453

RE:    PAST DUE NOTICE AND DEMAND FOR PAYMENT OF WITHDRAWAL LIABILITY
      R.E. TRK, INC. f/k/a R.E. TRUCKING, INC.
      ASSESSMENT NO.: 6537860-WL070218-01

Dear Mr. Rupe:

A Notice and Demand for Payment of Withdrawal Liability was forwarded to your attention on November 15, 2007. The total amount of such liability is $7,268.94.

The notice called for payment of your withdrawal liability in one of two ways:

    (1)    The entire outstanding obligation on or before December 1, 2007; or

    (2)    By monthly installments in accordance with the payment schedule which accompanied the notice and demand.

These installments include amortization charges on the unpaid balance.

**Your account is now past due.** Please note that interest is charged on the delinquent monthly installments. This interest is determined according to the prime interest charged by the Chase Manhattan Bank of New York plus 2% and is adjusted monthly.

TOTAL BALANCE DUE IMMEDIATELY . . . $1,263.57

To avoid future collection enforcement activity, please forward payment for the above balance **immediately** to the following address:

CENTRAL STATES WITHDRAWAL LIABILITY
Department 10291
Palatine, Illinois 60055-0291
ASSESSMENT NO.: 6537860-WL070218-01

---

Mr. John Rupe
December 17, 2007
Page Two

If payment is not received immediately, the Fund may pursue collection of the interim payments at any time. In the event that payment is not forthcoming within sixty (60) days from the date of receipt of this notice, you will be held in default in accordance with Section 4219 of ERISA, and the entire withdrawal liability in the amount of $7,268.94 will be due immediately and the account will be referred to Fund counsel for collection.

If you have any questions regarding the above, please contact the undersigned at (847) 518-9800, extension 3608.

Sincerely,

Susan M. Tebbens
Operations Accountant
Collections

SMT-past due notice

**Exhibit 2**

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 08 C 1443 |
| v. | ) ) | District Judge James B. Zagel |
| R.E. TRK, INC. f/k/a R.E. TRUCKING, INC., an Illinois corporation, RUPE CONTRACTING, INC., an Illinois corporation, | ) ) ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

### AFFIDAVIT OF LAURA B. BACON

| | |
|---|---|
| State of Illinois | ) |
| | )   SS: |
| County of Cook | ) |

I, Laura B. Bacon, having been fully sworn upon my oath, depose and state as follows:

1.    I am an attorney employed by Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund").

2.    I was admitted to the bar of the State of Illinois in 2006 and to the bar of the United States District Court for the Northern District of Illinois in 2007.

3.    I have personal knowledge with respect to the matters set forth in this Affidavit and am familiar with the above-captioned litigation.

**Exhibit B**

4.    I have reviewed the Pension Fund's billing records and have determined that the work performed in connection with this case was performed by myself ("LBB") and George O. Hansen ("GOH"), Senior Paralegal.

5.    Copies of the billing records generated in this matter and reflecting the work performed, and the expenses incurred, are attached hereto as Exhibit 1.

6.    I believe that a reasonable rate for the aforementioned legal services is $135 per hour for work performed by myself and a reasonable rate for legal services performed by George O. Hansen is $105 per hour.

7.    On that basis, the legal fees incurred in this matter are $1,035.00 for 8.0 total hours (6.5 hours x $135 for myself and 1.5 hours x $105 for George O. Hansen).

8.    The Pension Fund has also incurred costs in the amount of $350.00 in connection with this litigation.

9.    Consequently, the total amount of attorney's fees and costs owed is $1,385.00.

10.    I believe that the aforementioned court costs and attorney's fees were necessarily incurred and are reasonable in amount.

**FURTHER AFFIANT SAYETH NAUGHT**

Laura B. Bacon

Subscribed and sworn to before me,
a Notary Public of the State of Illinois,
this 30th day of May, 2008.

Notary Public

Official Seal
June F Ruminski
Notary Public State of Illinois
My Commission Expires 02/27/2011

F:263644 / 08410004 / 5/30/08

-2-

**Exhibit B**

# Exhibit 1

**Central States Funds**
**9377 West Higgins Road**
**Rosemont, Illinois  60018**

May 30, 2008

Case Name: **R E Trucking, Inc II**
Control No:  **08410004**
Case Type:  **WLL**
Allocation:  **2**

---

## Description of Services

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 3/4/2008 | LBB | Draft complaint. | 1.50 | 202.50 |
| 3/7/2008 | LBB | Conference with John J. Franczyk; review file; email correspondence with John J. Franczyk regarding complaint. | 0.50 | 67.50 |
| 3/11/2008 | LBB | Finalize and file complaint. | 0.50 | 67.50 |
| 3/12/2008 | GOH | Conference with Laura B. Bacon; correspondence LaSalle County Sheriff. | 0.20 | 21.00 |
| 3/21/2008 | GOH | Correspondence with LaSalle County Sheriff. | 0.50 | 52.50 |
| 4/11/2008 | GOH | Telephone conference with LaSalle County Sheriff regarding status; follow-up with Laura B. Bacon. | 0.50 | 52.50 |
| 4/14/2008 | GOH | Review correspondence from LaSalle County sheriff; conference with Laura B. Bacon. | 0.30 | 31.50 |
| 5/27/2008 | LBB | Draft motion for default judgment. | 2.00 | 270.00 |
| 5/28/2008 | LBB | Draft motion for default judgment. | 2.00 | 270.00 |

| **Total Fees** |  |  | **8.00** | **$1,035.00** |
|---|---|---|---|---|

**Exhibit 1**

**R E Trucking, Inc II**
**08410004**
**WLL**
**2**

May 30, 2008
Page 2

## Expenses

| | Amount |
|---|---|
| | <u>Amount</u> |
| 3/11/2008    Complaint filed. | 350.00 |

| | |
|---|---|
| **Total Expenses** | **$350.00** |
| **Total amount of this bill** | **$1,385.00** |

**Exhibit 1**

# Exhibit C

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Central States, Southeast and Southwest Areas
Pension Fund, and Howard McDougall, trustee

V.

R.E. TRK, Inc. f/k/a R.E. Trucking, Inc., an
Illinois corporation, Rupe Contracting, Inc., an
Illinois corporation

CASE NUMBER:

ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

# 08 C 1443

**JUDGE ZAGEL
MAGISTRATE JUDGE COLE**

TO: (Name and address of Defendant)

R.E. TRK, Inc. f/k/a R.E. Trucking, Inc., an Illinois corporation
c/o: John A. Rupe, President and Registered Agent
451 State RTE 251
Rutland, IL 61358

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Laura B. Bacon
Central States Law Department
9377 W. Higgins Road
Rosemont, IL 60018-4938
(847) 518-9800, Ext. 3704

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

**Michael W. Dobbins, Clerk**

_____
(By) DEPUTY CLERK

March 11, 2008
----------------------------------
**Date**



**Exhibit C**

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE  4-9-08 |
|---|---|
| NAME OF SERVER (PRINT)  RANDY RAICEY | TITLE  DEPUTY |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served:  451  RT 251

RUTLAND

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  4-9-08            Randy Raicey 028
            Date              Signature of Server

707 Etna Rd. Ottawa
            Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Exhibit C**

# Exhibit D

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

Central States, Southeast and Southwest Areas
Pension Fund, and Howard McDougall, trustee

v.

R.E. TRK, Inc. f/k/a R.E. Trucking, Inc., an
Illinois corporation, Rupe Contracting, Inc., an
Illinois corporation

CASE NUMBER:

ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

# 08 C 1443

### JUDGE ZAGEL
### MAGISTRATE JUDGE COLE

TO: (Name and address of Defendant)

Rupe Contracting, Inc., an Illinois corporation
c/o: John A. Rupe, President and Registered Agent
451 State RTE 251
Rutland, IL 61358

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Laura B. Bacon
Central States Law Department
9377 W. Higgins Road
Rosemont, IL 60018-4938
(847) 518-9800, Ext. 3704

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

**Michael W. Dobbins, Clerk**

**(By) DEPUTY CLERK**

**March 11, 2008**

Date

**Exhibit D**

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 4-9-08 |
|---|---|
| NAME OF SERVER *(PRINT)* MANDY BAILEY | TITLE Deputy |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: 451 RT 251

Aurora

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  4-9-08
       *Date*

_____ 028
*Signature of Server*

707 Etna Rd Ottawa IL
       61350
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Exhibit D**